IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | )   Criminal Case No. CR-18-21-RAW |
| | ) |
| DAVE ELLIS WILSON, | ) |
| | ) |
| Defendant/Movant. | ) |

# ORDER

On March 16, 2018, Defendant Dave Ellis Wilson ("Defendant") pleaded guilty without a plea agreement to Count One of the Indictment, more particularly described as Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). [Doc. 28]. On September 12, 2018, Defendant was sentenced to a term of 120 months of imprisonment. [Doc. 44]. Judgment was entered on September 17, 2018. [Doc. 47]. On November 9, 2021, the Tenth Circuit reversed Defendant's sentence and remanded for further sentencing proceedings. [Doc. 103]. The mandate was issued on December 1, 2021. [Doc. 104]. On January 13, 2022, Defendant was resentenced to 57 months of incarceration. [Doc. 107]. The third amended judgment [Doc. 108] was entered on January 14, 2022, and the statement of reasons [Doc. 109] was filed on January 18, 2022.

On April 25, 2023, the United States Probation Office filed a petition for warrant seeking revocation of Defendant's term of supervised release due to various violations of the terms of supervision. [Doc. 117]. The court ordered the issuance of a warrant. *Id*. Defendant appeared for final revocation/sentencing hearing on July 28, 2023. [Doc. 134; Doc. 135]. The court revoked Defendant's supervised release and sentenced him to 12 months of imprisonment. *Id*. The court recommended that Defendant "serve his entire period of incarceration at the Turley Halfway House in Tulsa, Oklahoma." [Doc. 135 at 2]. The Bureau of Prisons ("BOP") placed Defendant at USP Leavenworth in Leavenworth, Kansas.

On September 14, 2023, Defendant filed a *pro se* motion to alter or amend judgment. [Doc. 140]. Defendant asked the court to amend his sentence to "12 months an[d] a day," or 6 months of imprisonment and 180 days community placement, or to reexamine his sentence. *Id*. at 3. The following month, on October 23, 2023, Defendant filed a compassionate release motion. [Doc. 144]. Defendant referenced knee pain, and he expressed concerns about personal property in storage. He also complained about the BOP's placement designation, sentence computation, housing assignment, sleeping arrangements, medical care, and his BOP recidivism level. In December, Defendant filed a motion to supplement his compassionate release motion, expressing concern that he was not given proper credit for time served. [Doc. 148].

The Government filed an objection with the court on December 15, 2023. [Doc. 153]. In short, the Government claims "[n]one of the motions justify granting sentencing relief." *Id*. at 2. The majority of Defendant's claims, according to the Government, "fall into two main categories: (1) disagreement with BOP's placement determination and time-served computations, and (2) challenges to the conditions of his confinement." *Id*. at 5. The Government contends that "[n]either category is subject to review on a motion to amend or motion for compassionate release." *Id*. Moreover, the Government claims that "Defendant's knee difficulties do not rise to the level of extraordinary or compelling reasons necessary to justify early release." *Id*. at 6.

As noted by the Government, the court does not control where the BOP places a Defendant, and if Defendant is challenging the conditions of his confinement, he must do so through a civil rights action. But, Defendant is no longer at USP Leavenworth. According to the United States Probation Office, he is currently assigned to the Turley Halfway House in Tulsa, Oklahoma. Defendant is also requesting that this court review the BOP's computation of his sentence. The BOP has the sole authority to make determinations on credits under 18 U.S.C. § 3585(b), and a defendant may seek judicial review of such determinations after exhausting his administrative remedies within the BOP. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("As a result, Defendant must bring his request for sentence credit to the Bureau of Prisons in the first instance and thereafter seek judicial review of the Bureau's determination."). If Defendant disagrees with the BOP's computation of his sentence, then he may file a Section 2241 petition in

the district court for the district in which he is incarcerated. The BOP website shows Defendant's immediate custodian is the Dallas RRM, meaning he would need to file a Section 2241 petition in that district.* *See Nekvasil v. United States*, Case No. 1:22-cv-617, 2022 WL 4115428, at *2–3 (W.D. Mich. Sept. 9, 2022) (concluding that a Section 2241 petition was not properly filed in the Western District of Michigan, despite petitioner being on home confinement within the jurisdiction, because petitioner's custodian, Detroit RRM, was located within the jurisdiction of the Eastern District of Michigan).

Lastly, Defendant's motion for compassionate release was filed at a time when he was incarcerated at USP Leavenworth, and the Government did not dispute that Defendant exhausted his administrative remedies "based on the emails Defendant submitted" to the warden of USP Leavenworth and others. [Doc. 153 at 3; Doc. 144-1 at 1]. Defendant is now residing in a halfway house in Tulsa. The living conditions at his current facility are likely to differ significantly from that of a penitentiary, and any compassionate release claims he made concerning the latter may no longer be relevant. There is no evidence that Defendant has exhausted his administrative remedies relating to the facility where he is currently assigned. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant's motion to alter or amend the judgment [Doc. 140] is denied. Defendant's compassionate release motion, as supplemented [Doc. 144; Doc. 148], is dismissed without prejudice to refiling once Defendant has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.

It is so ordered this 1st day of March, 2024.

*Ronald A. White*

THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

\*   *See* BOP inmate locator, https://www.bop.gov/inmateloc/ (last visited February 28, 2024).